## FAIRBANKS WOOD RIM CO. v. MOORE.

(Circuit Court, N. D. New York. February 12, 1897.)

1. PATENTS—INVENTION—BICYCLE RIMS.

The substitution, for a bicycle rim made of a single piece of metal, of a rim composed of a series of plies of wood of varying course or direction of grain, cemented together, each section breaking joints with each of the other sections, and the whole forming a compact, durable, symmetrical, and highly efficient structure, involves the use of inventive faculty.

2. SAME.

The Fairbanks and Berlo patent, No. 496,971, for improvements in bicycle rims, discloses patentable invention.

This was a suit in equity by the Fairbanks Wood Rim Company against Edward S. Moore for alleged infringement of a patent relating to bicycle rims.

The patent in controversy, No. 496,971, was granted to Fairbanks and Berlo, May 9, 1893, for improvements in rims for bicycle wheels. The invention consists in providing a wood rim for bicycle wheels in place of the metal rims theretofore used. The rim of the patent is composed of a series of plies of wood of varying course or direction of grain, bent into circular form, and cemented together, each section breaking joint with each of the other sections. A bicycle wheel constructed with this laminated rim is said to be lighter, stiffer, more durable and more buoyant than the rims of the prior art. The claim is as follows: "A rim for bicycle wheels comprising in its construction a series of sections or plies of wood of varying course or direction of grain, cemented together, the ends of each section breaking joints with the ends of adjacent sections, and the inner surface, f, being of convex form, and the outer surface, g, of concave form, as set forth."

Edward S. Beach, Nathaniel L. Frothingham, and Emmett J. Ball, for complainant.

William O. Campbell, for defendant.

COXE, District Judge. There is but one question to decide,—the question of invention. The court is convinced that the introduction into the art of the marked, and, at the present day, universally recognized, improvement of the patent, required an exercise of. the inventive faculties. It was not the mere substitution of wood for iron. It was the substitution for a rim made of a single piece of metal of a laminated rim made of a series of sections so constructed as to form a compact, durable, symmetrical and highly efficient structure. After the idea that wood could be used instead of metal was conceived, the real work of invention began. How could wood be utilized? How could a rim be made that would not crack and warp without being so cumbersome as to be useless? Even after a practical rim had been constructed, the bicycle community was still incredulous as to the use of wood. It was only after its superiority to metallic rims had been fully demonstrated that it was accepted by the trade. Fairbanks and Berlo were the first to make a wooden bicycle rim. There was nothing in the prior art to show them how to do this and very little in analogous arts to assist them. Carriage wheels with the ordinary compression spokes, and reinforced with iron tires, had been made with laminated fellies, but there is no pretense that the break joint and varying grain features of the patent are to be found in any of these structures

which are not adapted for use in a wheel provided with suspension spokes and pneumatic tires.

Two significant facts stand unchallenged: First, that the patentees were the first in an art which has attracted a multitude of ingenious inventors, to employ a wooden rim; and, second, that to-day this rim is the only one used, all others, in the construction of first-class machines, having been driven from the market. They certainly have done much to make the modern bicycle a perfect machine.

It follows that the complainant is entitled to the usual decree.